WICKLIFFE
vs.
CARROLL.

</div>

## Wickliffe *vs.* Carroll.

APPEAL FROM FAYETTE CIRCUIT COURT.                    Case 36.

1. Pleas commencing in bar and concluding in abatement are not good as pleas in abatement.
2. Pleas in abatement, not filed on the day to which the cause is docketed at the first term, should be rejected by the court.
3. It is not admissible to give to a plea containing matter of abatement only the form of a plea of *non est factum,* and file it after the time for pleading in abatement has passed.
4. The court of appeals cannot say that the circuit court erred in admitting testimony, or that a verdict of a jury is too large unless the testimony be stated in the bill of exceptions.

Chief Justice Hise delivered the opinion of the court.             October 1.

The pleas in abatement to the plaintiff's original writ and declaration, though filed in due time, were properly overruled because the available matter was in form presented as in bar of the plaintiff's action, by the commencement of the pleas, though they conclude by demanding the abatement and quashel of the declaration and writ; pleas containing only matters in abatement in such form have been repeatedly adjudged to be insufficient.

<div style="float:right;width:30%">

1. Pleas commencing in bar and concluding in abatement are not good as pleas in abatement.

</div>

All the pleas subsequently offered, containing matters in abatement only, were properly rejected because, under the statute, the time had gone by when such pleas were admissible—they can only be allowed when filed on the day the suit is docketed, at the first term, after service when the case stands for trial; if this is not done the statute expressly prohibits pleas to the jurisdiction, or in abatement, or special demurrers to the declaration, to be filed afterwards.

<div style="float:right;width:30%">

2. Pleas in abatement, not filed on the day to which the cause is docketed at the first term, should be rejected by the court.

</div>

WICKLIFFE
vs.
CARROLL.

3. It is not
admissible to
give to a plea
containing mat-
ter of abatement
only the form
of a plea of *non
est factum*, and
file it after the
time for plead-
ing in abate-
ment has pass-
ed.

The ninth plea presented as a plea of *non est factum*, contains nothing in fact but matter in abatement; it does not allege that the bond in suit was not the act and deed of the defendant, and that it was not valid and obligatory upon him in favor of the actual obligees named in the bond, or in favor of the real and actual defendants to the suit of *Kerts &c. v. the United States Bank*, that had been pending in the Oldham circuit court, but it avers in substance only, that the plaintiffs in the action, and the defendants in said suit, they, and the officers of the court alone, being the obligees in the bonds for costs, are not the *same persons*, but different persons; that some of the plaintiffs are fictitious persons, and that he never authorized the execution and delivery of the bond to the *identical same persons*, or to *all* the persons who are named as plaintiffs in the action. The plea does aver that the bond in suit was invalid and not his deed, because the agent by whom it was signed, sealed, and delivered acted without any authority, or under a power, defective and insufficient, because unsealed: not at all; the plea in substance admits that if all the actual obligees named in the bond, exclusive of such as were not living at the commencement of the action, and none others, had sued upon the bond, it would be valid and obligatory upon him, and the whole ground of defense to the action presented by the plea is, not that the bond is invalid or unobligatory, but that the plaintiffs are not the sort of men that should be permitted to recover upon it—which is but matter in abatement; that is to say, the time having gone by when a plea in abatement could be received, the defendant attempts, nevertheless, to get the benefit and advantage, in his defense, of matter in abatement only, by giving to the plea containing it the title and conclusion of a plea of *non est factum*.

The bill of costs, as furnished and certified by the clerk of the Oldham circuit court, was properly admitted, and was of course conclusive as to the amount of costs which had accrued to plaintiffs, and which

they had a right to recover from defendant, unless the defendant could show that the items, or some of them, were unauthorized and illegal. One of the items in the bill of costs, the whole amount of which bill was found by the jury against the defendant, under an imperative instruction of the court, is stated therein as follows: " Costs of commission, District of Columbia, $134 11½." In his taxation of the costs, the clerk of the Oldham circuit court inserted this item in the bill, doubtless, because it appeared. to be the sum of expenses incurred in the District of Columbia, by the defendants in said suit, in procuring the data and testimony upon which the Auditor, resident there, acted in making out a complicated and volumnous report of the state of the accounts between the parties, including a charge of $50 00 to the Auditor himself, as stated and certified by him upon the back of his report, which had been produced and filed in the cause. Whether this sum was or was not allowed by the Oldham circuit court, does not appear from the record now before this court.

It would seem, from the statement of evidence contained in the bill of exceptions, that a certified transcript of all the orders made by the Oldham circuit court in the chancery suit of Kurts, &c., against the present plaintiffs, was given in evidence to the jury in the trial of this cause in the lower court, and it there appeared doubtless, either that this item of $134 11½ had or had not been allowed; if not allowed, the clerk had no authority to tax and insert it in his bill of costs, and the peremptory instructions of the court to the jury to find for the plaintiffs the whole bill of costs, including this item, and the verdict and judgment to the extent of this item, would have been in such case, erroneous : but if it appeared, from the orders of said Oldham circuit court, that this item was allowed, or if the transcript of all the orders of that court in the case were not given in evidence at all to the jury, then, and in such case, the bill of costs as taxed and certified by the said clerk, would be *prima facie* evidence of

WICKLIFFE vs. CARROLL.

4. The court of appeals cannot say that the circuit court erred in admitting testimony, or that a verdict of a jury is too large, unless the testimony be stated in the bill of exceptions.

the correctness of all its items, and would be conclusive unless disproved or shown to be illegal and unauthorized by what appeared or did not appear from the whole record. If the transcript alluded to was given in evidence in the trial in the lower court, it nevertheless is not copied into this record, and this court cannot say that its verdict and judgment is erroneous, because the whole bill of costs, including this item, was allowed.

It is unnecessary to notice the other errors assigned—they amount to nothing in substance, and cannot be sustained by any thing appearing within this record.

The judgment is affirmed.

MOREHEAD & BROWN for appellant; ROBINSON, JOHNSON & ATWOOD for appellees.